UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEL SHAWN S., an Individual,<br><br>          Plaintiff,<br><br>          v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>          Defendant. | Case No.: 2:19-10060 ADS<br><br>MEMORANDUM OPINION AND ORDER |

## I.   INTRODUCTION

Plaintiff Del Shawn S.[1] ("Plaintiff") challenges Defendant Andrew M. Saul, Commissioner of Social Security's (hereinafter "Commissioner" or "Defendant") denial of his application for a period of disability and disability insurance benefits ("DIB"). Plaintiff contends that the Administrative Law Judge ("ALJ") improperly assessed his

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

-1-

residual functional capacity.  For the reasons stated below, the decision of the Commissioner is affirmed, and this matter is dismissed with prejudice.

## II.	FACTS RELEVANT TO THE APPEAL

Plaintiff protectively filed for DIB on June 28, 2016, stating that the following conditions limited his ability to work: "depression; suicidal thoughts; always on guard for an attack; don't like to be alone; panic attacks; dreams of my military days; I have to constantly protect my family; and days I don't want to do anything." (Administrative Record "AR" 202-203, 230).  When asked at the Administrative hearing what prevents him from working, Plaintiff testified of the following conditions: anxiety attacks, forgets stuff, suicidal thoughts, mood swings, and deals horribly with others. (AR 88-90). Plaintiff emphasized at the hearing that his main symptom is suicidal thoughts.  (AR 99). Plaintiff stated that his anger issues prevent him from working with others and that he would have problems dealing with a supervisor. (AR 94-95).  Plaintiff also testified that he cannot perform a job if he is all by himself because being alone is what triggers his suicidal thoughts.  (AR 95).

Plaintiff testified that he only receives care for his mental conditions from Kelley Holtom, who is a certified Marriage and Family Therapist.  (AR 97).  Plaintiff stated that he has not seen nor is he under the care of a psychiatrist or psychologist. (AR 97).  He stated the medicine he takes, Paxil, is prescribed to him through his regular physician. (Id.).  Plaintiff testified that taking the mediation Paxil has improved his symptoms and feels that he is getting better with the therapy treatment he is receiving from Ms. Holtom. (AR 88, 94).  Plaintiff does not take anti-psychotic medication, he does not hear voices and was hospitalized once for his mental condition (which was in October 2015, prior to his alleged onset date of November 6, 2015). (AR 97-100).

Plaintiff testified that he last worked in 2015 as a warehouse driver. (AR 79, 204-10). Plaintiff stated that he stopped working because he was laid off, went on unemployment for the allowed time, and has not applied for any work since then. (AR 79-80). Plaintiff currently lives with his mother, stepfather and teenage son. (AR 108). Plaintiff and his mother represented that Plaintiff cares for his son and dogs, drives his son to and from school and sports, goes shopping, attends church and goes to the gym. (AR 92, 105-06, 248-51, 257-60). Plaintiff and his mother represented that Plaintiff gets along well with his family and friends. (AR 252-53, 261-62). The notes of Plaintiff's treating therapist related to Plaintiff's alleged angry outbursts when dealing with others, indicates that this behavior mainly occurs during arguments with his son and his son's mother. (AR 603, 607-08, 614-15).

III.   **PROCEEDINGS BELOW**

   A. **Procedural History**

Plaintiff protectively filed an application for DIB alleging a disability onset date of November 6, 2015. (AR 202-03). Plaintiff's claims were denied initially on January 31, 2017. (AR 126-29). Thereafter, on April 20, 2017, Plaintiff filed a written request for an administrative hearing. (AR 134-35). A hearing was held before ALJ Michael D. Radensky on November 5, 2018. (AR 75-116). Plaintiff, represented by counsel, appeared and testified at the hearing. Also appearing and testifying at the hearing was vocational expert Alan E. Cummings. (Id.).

On December 26, 2018, the ALJ found that Plaintiff was "not disabled" within the meaning of the Social Security Act.[2] (AR 55-74). The ALJ's decision became the

---

[2] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental

-3-

Commissioner's final decision when the Appeals Council denied Plaintiff's request for review on September 27, 2019. (AR 1-6). Plaintiff then filed this action in District Court on November 25, 2019, challenging the ALJ's decision. [Docket "Dkt." No. 1].

On May 26, 2020, Defendant filed an Answer, as well as a copy of the Certified Administrative Record. [Dkt. Nos. 15, 16]. The parties filed a Joint Submission on August 25, 2020. [Dkt. No. 17]. The case is ready for decision.[3]

### B. Summary of ALJ Decision After Hearing

In the decision (AR 58-69), the ALJ followed the required five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act.[4] 20 C.F.R. § 404.1520(a). At **step one**, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since November 6, 2015, the alleged onset date. (AR 60). At **step two**, the ALJ found that Plaintiff had the following severe impairments: (a) post-traumatic stress disorder; (b) anxiety; and (c) bipolar disorder. (AR 60). At **step three**, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the

---

impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A).

[3] The parties filed consents to proceed before the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c), including for entry of final Judgment. [Dkt. Nos. 11, 12].

[4] The ALJ follows a five-step sequential evaluation process to assess whether a claimant is disabled: Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two. Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate. Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four. Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five. Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled. Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)." (AR 61).

The ALJ then found that Plaintiff had the Residual Functional Capacity ("RFC")[5] to perform a full range of work at all exertional levels but with the following nonexertional limitations:

> non complex routine tasks, no tasks requiring hypervigilance, not responsible for the safety of others, no jobs requiring public interaction, no jobs requiring significant teamwork, otherwise limited to a low stress environment.

(AR 63).

At **step four**, the ALJ found that Plaintiff is unable to perform his past relevant work as a van driver or security guard. (AR 67-68). At **step five**, considering Plaintiff's age, education, work experience and RFC, the ALJ found that "there are jobs that exist in significant numbers in the national economy that the [Plaintiff] can perform." (AR 68). The ALJ accepted the vocational expert's testimony that Plaintiff would be able to perform the representative occupations of: janitor (DOT No. 358.687-010); assembler (DOT No. 806.684-010); and packager (DOT No. 920.587-018). (AR 69). Accordingly, the ALJ determined that Plaintiff had not been under a disability, as defined in the Social Security Act, from November 6, 2015, through the date of his decision, December 26, 2018. (AR 69).

IV.   **ANALYSIS**

   A.   **Issue on Appeal**

Plaintiff raises one issue for review: whether the ALJ's RFC assessment is supported by substantial evidence? [Dkt. No. 17 (Joint Submission), 4].

---

[5] An RFC is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. § 404.1545(a)(1).

-5-

B. **Standard of Review**

A United States District Court may review the Commissioner's decision to deny benefits pursuant to 42 U.S.C. § 405(g). The District Court is not a trier of the facts but is confined to ascertaining by the record before it if the Commissioner's decision is based upon substantial evidence. Garrison v. Colvin, 759 F.3d 995, 1010 (9th Cir. 2014) (District Court's review is limited to only grounds relied upon by ALJ) (citing Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)). A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standards were applied. Mayes v. Massanari, 276 F.3d 453, 458-59 (9th Cir. 2001). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) (citing Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)); see Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). However, the Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ

on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citation omitted).

Lastly, even if an ALJ errs, the decision will be affirmed where such error is harmless, that is, if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citation omitted); Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012).

### C. The ALJ Properly Assessed Plaintiff's RFC

Plaintiff contends that the ALJ failed to properly evaluate the medical evidence of record in his assessing his RFC. Plaintiff argues that the evidence of record supports greater functional limitations than that assessed by the ALJ.

#### 1. Legal Standard

At step three of the sequential evaluation, the ALJ determines whether the claimant's impairment or combination of impairments is of a severity to meet or medically equal a listed impairment. Before turning to step four, the ALJ fashions the claimant's RFC. A district court must uphold an ALJ's RFC assessment when the ALJ has applied the proper legal standard and substantial evidence in the record as a whole supports the decision. Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005). In making an RFC determination, the ALJ may consider those limitations for which there is support in the record and need not consider properly rejected evidence or subjective complaints. Id. The Court must consider the ALJ's decision in the context of "the entire record," and if the "'evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." Ryan, 528 F.3d at 1198 (citation omitted).

An ALJ is not obligated to discuss "every piece of evidence" when interpreting the evidence and developing the record. See Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) (citation omitted). Similarly, an ALJ is also not obligated to discuss every word of an opinion or include limitations not actually assessed by the medical professional. See Fox v. Berryhill, 2017 WL 3197215, *5 (C.D. Cal. July 27, 2017); Howard, 341 F.3d at 1012.

The ALJ must also consider all medical opinion evidence. 20 C.F.R. §§ 404.1527(b), 416.927(b). When there is contradictory opinion evidence, as here, an ALJ may reject even a treating physician's opinion by providing specific and legitimate reasons supported by substantial evidence. Bayliss, 427 F.3d at 1216. "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." Trevizo v. Berryhill, 871 F.3d 664, 675 (9th Cir. 2017) (quoting Bayliss, 427 F.3d at 1216).

"Substantial evidence" means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Robbins, 466 F.3d at 882). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted); see also Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (finding ALJ had properly disregarded a treating physician's opinion by setting forth specific and legitimate reasons for rejecting the physician's opinion that were supported by the entire record).

2. <u>The ALJ Properly Evaluated Plaintiff's RFC</u>

In assessing Plaintiff's RFC, the ALJ provided a thorough review and analysis of Plaintiff's records to support his finding. (AR 61-67). The ALJ considered the opinion of the State agency psychological consultant, P. Walls, M.D., consultative examiner, Norma R. Aguilar, M.D. , State agency psychological consultant, Pamela Hawks, Ph.D. and treating therapist Kelley Holtom, MFT, Psy.D. (AR 65-67). Plaintiff contends that the ALJ failed to properly weigh the opinion of Ms. Holtom, his treating therapist, in assessing his RFC and instead gave great weight to the opinion of the non-examining, non-treating State agency physician, Dr. Walls and partial weight to the opinion of the consultative examiner, Dr. Aguilar. [Dkt. 17, 5].

Preliminarily, the Court notes that although the ALJ found Plaintiff has the RFC to perform a full range of work at all exertional levels, the ALJ assessed the following nonexertional limitations based on Plaintiff's mental impairments: "non complex routine tasks, no tasks requiring hypervigilance, not responsible for the safety of others, no jobs requiring public interaction, no jobs requiring significant teamwork, otherwise limited to a low stress environment." (AR 63). Accordingly, the ALJ necessarily credited aspects of Ms. Holtom's opinion and findings, as well as Plaintiff's subjective complaints. To the extent the ALJ rejected Ms. Holtom's opinion, he complied with <u>Magallanes</u> and provided specific and legitimate reasons for doing so that are supported by the entire record.[6]

---

[6] Defendant correctly states, "As the ALJ observed, and Plaintiff concedes, Ms. Holtom is licensed only as a therapist, not as a psychologist (AR 66, 618). [citation omitted] Thus, she is not considered an acceptable medical source under the regulations. <u>See</u> 20 C.F.R. § 404.1520(a) (defining acceptable medical sources); 20 C.F.R. § 404.1527(f) (explaining how the agency considers opinions from people who are not acceptable medical sources)." [Dkt. No. 17, 8 n. 3]. While Ms. Holtom's opinion may not be used to

As set forth by the ALJ, Ms. Holtom opined that Plaintiff would miss work more than three times per month and assessed the Plaintiff to have fair or poor abilities on nearly all categories of skills required for unskilled work. Ms. Holtom also assessed the Plaintiff to have marked limitations on his ability to perform activities of daily living and maintain social function, and would have frequent deficiencies of concentrating, persisting, or maintaining pace and repeated episodes of deterioration or decompensation in work causing Plaintiff to withdraw from situations or experience exacerbation of signs and symptoms. (AR 66, citing AR 535-37, 619-620). The ALJ found that Ms. Holtom's assessments are not supported by the medical findings and are inconsistent with the claimant's representations regarding his ability to perform activities of daily living. (AR 66-67).

The Court finds the ALJ properly assessed the medical evidence of record and that the ALJ did not err in assigning greater weight to the opinions of Drs. Walls and Aguilar than of Ms. Holtom. Plaintiff would simply prefer the ALJ to have a different interpretation of the medical evidence than that assessed. However, it is the role of the ALJ to resolve any conflicts or ambiguities in the medical record. See Tommasetti, 533 F.3d at 1041-42 ("The ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence."): Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (holding that it is the ALJ's job to resolve any conflicts). See Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) ("'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld.") (citation omitted); Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either

---

establish a medical impairment, it still may be considered as to the Plaintiff's functional limitations. (AR 66).

affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). Indeed, an ALJ is not obligated to discuss "every piece of evidence" when interpreting the evidence and developing the record. See Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) (citation omitted). Similarly, an ALJ is also not obligated to discuss every word of a doctor's opinion or include limitations not actually assessed by the doctor. See Fox v. Berryhill, 2017 WL 3197215, *5 (C.D. Cal. July 27, 2017); Howard, 341 F.3d at 1012.

Thus, the ALJ complied with Magallanes and provided specific and legitimate reasons for partially rejecting the opinion of Ms. Holtom that are supported by the entire record.

## V. CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED, and the action is DISMISSED with prejudice. Judgment shall be entered accordingly.

DATE: February 26, 2021

　　　　　　　　　　　　/s/ Autumn D. Spaeth　　　　　　　　　
　　　　　　　　　THE HONORABLE AUTUMN D. SPAETH
　　　　　　　　　United States Magistrate Judge